USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
RAYMOND TYLER, Individually and on Behalf :
of All Others Similarly Situated, :
: 
                 Plaintiff, :   05 CV 5264 (TPG)
:
         - against - :
:
ASTRAZENECA, PLC, TOM MCKILLOP, :
JONATHAN SYMONDS, HAKEN MOGREN, :
and PERCY BARNEVIK, :
:
                Defendants :
------------------------------------------------------------x
DAVID JAROSLAWICZ, Individually and on :
Behalf of All Others Similarly Situated, :
:
                 Plaintiff, :   05 CV 2688 (TPG)
:
        - against - :
:
ASTRAZENECA, PLC, TOM MCKILLOP, :
JONATHAN SYMONDS, HAKEN MOGREN, :
and PERCY BARNEVIK, :
:
                Defendants. :
------------------------------------------------------------x
BRUCE R. ELLIOT, Individually and on Behalf :
of All Others Similarly Situated, :
:
                 Plaintiff, :   05 CV 2969 (TPG)
:
      - against - :   **OPINION**
:
ASTRAZENECA, PLC, TOM MCKILLOP, :
JONATHAN SYMONDS, HAKEN MOGREN, :
and PERCY BARNEVIK, :
:
                Defendants :
------------------------------------------------------------x

The captioned cases are securities fraud class actions brought against certain directors and officers of AstraZenica PLC ("AstraZenica"), and AstraZenica itself, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. These actions are brought on behalf of all persons who purchased AstraZeneca publicly-traded securities at artificially inflated prices during the proposed class period of April 2, 2003 through October 11, 2004 and thereby sustained losses.

Before the court are motions to consolidate, and to appoint the lead plaintiff and the lead counsel pursuant to the procedures set forth by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4.

The first complaint in these actions was filed on January 27, 2005 by Raymond Tyler in the United States District Court for the District of Massachusetts. On the same day, Tyler's counsel, Lerach Coughlin, caused a notice to be published in the news wire service Business Wire, advising the purported plaintiff class of the pendency and particulars of the action, and that any class member wishing to serve as lead plaintiff must make a motion within sixty days. The Jaroslawicz and Elliot actions were subsequently filed in this court on March 8, 2005 and March 18, 2005 respectively.

The Foster Group and the State Universities Retirement System of Illinois are both members of the classes described in the Jaroslawicz and

Elliot actions. On March 28, 2005 they filed motions to consolidate the Jaroslawicz and Elliot actions. Each sought appointment as lead plaintiff with lead counsel. On June 3, 2005, the Tyler action was transferred to this court from the District of Massachusetts.

It is obvious that the two actions referred to above should be consolidated. The same applies to the Tyler action. Thus, the court directs the consolidation of all three actions under the caption of In re AstraZenica Securities Litigation. All relevant documents and submissions shall be maintained as one file under docket number 05-CV-2688.

The Foster Group and the State Universities Retirement System of Illinois both move to be appointed as lead plaintiff. The PSLRA establishes the procedure for the appointment of lead plaintiff in class actions arising under the Exchange Act. See 15 U.S.C. § 78u-4. The PSLRA provides that the court shall appoint as lead plaintiff the "most adequate plaintiff" -i.e., the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA instructs that, in determining the identity of the most adequate plaintiff, the court is to adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that (1) has either filed the complaint or made a timely motion in response to a

notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Both the Foster Group and the State Universities Retirement System of Illinois have timely moved, pursuant to the PSLRA's sixty-day filing requirement, for appointment as lead plaintiff.

The State Universities Retirement System of Illinois has submitted evidence that, during the class period, it suffered losses of approximately $1.2 million based on its purchase of approximately 154,400 shares of AstraZeneca stock at a cost of over $7.3 million. The Foster Group, a group of seven individuals, has submitted evidence that its members collectively purchased 1,370 AstraZeneca American Depositary Receipts and suffered estimated losses of $10,620.84. The State Universities Retirement System of Illinois thus has the larger financial interest in the litigation.

As far as Rule 23 is concerned, the pertinent requirements are typicality –i.e., that the claims or defenses of the representative parties are typical of the claims or defenses of the class, and adequacy –i.e., that the representative parties will fairly and adequately protect the interests of the class. The court finds that the State Universities Retirement System of Illinois satisfies both the typicality and adequacy requirements of Rule 23, and is therefore entitled to a presumption that it is the most adequate plaintiff to pursue this litigation. 15 U.S.C. § 78u-4(a)(3)(B)(i).

The Foster Group does not challenge the State Universities Retirement System of Illinois' claim to the largest financial interest in the litigation or that it satisfies the requirements of Rule 23. Rather, the Foster Group argues that it should be appointed as co-lead plaintiff together with the State Universities Retirement System of Illinois, asserting that the broad interests of the class will be more adequately represented by the combination of individual investors and an institutional investor than by an institutional investor alone. The Foster Group also claims that its appointment as co-lead plaintiff will protect the action in the event that defendants find any unique defense against the State Universities Retirement System of Illinois.

The court finds no need to complicate the proceedings with co-lead plaintiffs. Courts in this circuit have frequently declined to appoint co-lead plaintiffs in the absence of some actual infirmity with the appointed lead plaintiff. Weinberg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 254 (S.D.N.Y. 2003); In re Donnkenny, Inc., Sec. Litig., 171 F.R.D. 156, 157 (S.D.N.Y. 1997). No such infirmity has been suggested here. The Foster Group's motion to be appointed as co-lead plaintiff is therefore denied.

The PSLRA directs that the lead plaintiff shall select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). After reviewing the firm resume of lead plaintiff's selected counsel, Lerach Coughlin, the court finds that firm qualified.

Lerach Coughlin possesses extensive experience litigating securities class actions and has successfully prosecuted complex securities fraud class actions in both state and federal court. The court finds that Lerach Coughlin has the requisite qualifications to serve as lead counsel.

SO ORDERED

Dated: New York, New York
February 16, 2006

*[signature]*

Thomas P. Griesa
U.S.D.J.